of which we consider immaterial to the proper disposition of the case.

Appellant presented a defense which he was entitled to have submitted to the jury upon his request in an affirmative manner. This he did by a proper requested charge. The court refused to give this instruction, to which the appellant duly excepted, as noted by the judge. We think this was error requiring that the case be reversed. See Fawcett v. State, Tex.Cr. App., 127 S.W.2d 905, and cases there cited.

The record contains no bill of exception bringing this issue before this court as is considered to be the better practice. Nevertheless, the trial judge noted the exception over his signature and it is in the record. This has been held sufficient to bring the matter before this court for consideration and review even in the absence of a bill of exception. See Serrata v. State, 127 Tex.Cr.R. 332, 76 S.W. 2d 765, and cases cited.

For the error of the trial court in refusing to grant the special requested charge, the judgment is reversed and the cause remanded.

## GOODMAN v. STATE.
### No. 20586.

Court of Criminal Appeals of Texas.
Nov. 22, 1939.

Joseph A. Chandler, of Stephenville, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

HAWKINS, Presiding Judge.

Conviction is for misdemeanor embezzlement, punishment being a fine of $10 and fifteen days in jail.

The record is here without statement of facts or bills of exception. In such condition nothing is presented for review.

The judgment is affirmed.